UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14079-CR-MOORE/LYNCH(s)(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD W. LUTZ,

    Defendant.
_____/

FILED by _____ D.C.

JAN 12 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 10-5198]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court and this Court having reviewed the voucher, the submissions in support thereof filed by David F. Pleasanton, Esquire, as attorney for the Defendant Richard W. Lutz, the adjustments made by the CJA Administrator to the CJA Voucher, and Mr. Pleasanton's letter to Judge Moore explaining the underlying nature of the case, and this Court otherwise being advised in the premises recommends to the District Court as follows:

    1.    Counsel for the Defendant seeks reimbursement of an adjusted amount totaling $44,362.50 for attorney's fees. In addition, Mr. Pleasanton seeks travel expenses and other expenses totaling $1,317.50. Therefore, the total as adjusted by the CJA Administrator as reflected on the front of the CJA Voucher totals $46,055.00. The attorney's fees sought by Mr. Pleasanton are at the statutory rate of $125.00 per hour.

    2.    This Court has reviewed the voucher, all attachments and Mr. Pleasanton's correspondence in detail. This Court has taken several days in performing this review. Additionally, the voucher has also been reviewed by the CJA Administrator and as

referenced by this Court previously, various adjustments have been made on the face of the voucher.

3. This Court is familiar with the case since it conducted all pretrial proceedings in this case and also conducted the Change of Plea Hearing. It is not necessary to conduct an evidentiary hearing based upon this Court's familiarity with this case. Further, this is an administrative decision as opposed to an adversarial proceeding as set forth in United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

4. The amounts sought by Mr. Pleasanton exceed the statutory cap of $9,700 set forth in 18 U.S.C. §3006A(d)(3). Therefore, this Court must determine whether this matter is "extended" or "complex" as defined by that statute. An extended case is defined as one requiring more time than normal. A complex case is defined as one involving facts unusual so as to justify expenditure of more time, skill and effort than normal.

5. This Court will now set forth and summarize Mr. Pleasanton's explanation for his request for attorney's fees exceeding the statutory cap. The Defendant was charged along with a co-defendant in an eight count Indictment originally issued in this case. The Defendant was charged in three of those counts. Those counts involved conspiracy to commit mail fraud and two substantive counts of mail fraud. Mr. Pleasanton states that he had numerous telephone conversations, email communications, and meetings with the co-defendant's attorney concerning the evidence, defense issues, and witnesses. Mr. Pleasanton also references some 20,000 pages of documents received in discovery on compact discs. He also mentions seven audio cassettes and two DVDs of undercover surveillance evidence. There were at least six supplemental discovery responses in this

case. This Court granted Mr. Pleasanton's motion to obtained the services of an investigator to assist in reviewing discovery and preparing the defense in this case.

6. Mr. Pleasanton also references in excess of twenty-three hours in commuting back and forth from his offices in West Palm Beach for various meetings in this case. Mr. Pleasanton did point out in his letter that he also attempted to conduct business on other court appointed cases when in Fort Pierce and make certain that only one of those court appointed cases was billed for his trip. Mr. Pleasanton also references in excess of nineteen hours of "significant legal research regarding Bill of Particulars."

7. The Defendant appeared before this Court for his initial appearance on November 22, 2010 in respect to the original Indictment. A Superseding Indictment was then returned on or about February 24, 2011. Mr. Pleasanton's letter claims that the government changed their theory of prosecution and that Mr. Pleasanton then had to re-evaluate all of the evidence thus far received. In that Superseding Indictment, the Defendant was charged in six of the seven counts. Mr. Pleasanton then continued to prepare for trial. The case was resolved by way of entry of a change of plea before the undersigned U. S. Magistrate Judge on the Friday before the Monday start of the trial. The Defendant pled guilty to a Superseding Information charging him with one count of being an accessory after the fact, a misdemeanor and was thereafter sentenced.

8. Mr. Pleasanton's letter of explanation argues that in expending in excess of 362 hours for preparation of the defense in this case causes the case to be considered complex. Mr. Pleasanton states that the case took more time than the normal case. Mr. Pleasanton also argues that the case was extended as defined by the statute since he represented the Defendant from on or about November 22, 2010 through sentencing which

took place in September of 2011. Mr. Pleasanton points out that he could not provide services to other clients during that time period.

9. The Defendant appeared for his initial appearance on November 22, 2010 and Mr. Pleasanton was appointed to represent the Defendant. The Defendant was admitted to bond and arraigned at or about that time. There were what appears to be in excess of six supplemental discovery responses from the government in this case. However, this Court did not conduct any evidentiary hearings in this matter. There was a Motion for Bill of Particulars which was resolved without a hearing. The Court also granted the request for an investigator in January 2011 as referenced above. There was also a Bond Revocation Hearing conducted by this Court at or about the time that the Defendant entered his change of plea in June of 2011.

10. This Court accepts Mr. Pleasanton's statements that there was voluminous discovery in this case. This Court does not receive copies of discovery exchanged between parties in criminal cases and relies upon Mr. Pleasanton's representations in that regard. This Court is not criticizing the tasks performed by Mr. Pleasanton in any regard. However, the nature of the case, the charges against the Defendant, and the manner in which it was resolved must also be taken into consideration by this Court in determining whether or not all of the hours expended were absolutely necessary. This Court has conducted a meticulous review over several days in respect to all of the time entries made by Mr. Pleasanton in the attachments to the CJA Voucher. It is not necessary to go through an item-by-item reduction of each time entry for the District Court. However, this Court will categorize three areas in which less time could have been expended without adversely affecting the defense of the case.

11. Mr. Pleasanton claims 70.80 hours for interviews and conferences. Those hours have been adjusted by the CJA Administrator to an actual figure of 69.8 hours. After reviewing all of those entries, this Court is reducing the compensable time for those tasks to 30.8 hours.

12. Mr. Pleasanton claims reimbursement of 219.60 hours for records review which would include all of the discovery in this matter as well as other documentation in preparing the defense in this case. This Court is reducing that amount by 100 hours so the allowable time would be 119.60 hours.

13. Mr. Pleasanton claims 28.70 hours of legal research. There were no unusual legal issues in this case. This Court sees many cases of mail fraud such as this. Mr. Pleasanton is a well respected and competent federal criminal defense attorney who appears regularly before this Court. This Court cannot see that there were significant or unusual legal issues which required extensive legal research. Therefore, this Court is reducing that amount by 18 hours. Therefore, the legal research time allowed will be 10.7 hours.

14. This Court sees no reason to reduce the 26 hours of travel time requested by Mr. Pleasanton. Further, the investigative and other work category wherein Mr. Pleasanton requests 10.80 hours is likewise fully compensable. This Court sees no reason to reduce those hours.

15. This Court has also reviewed the travel expenses and other expenses listed along with the attached documentation. This Court finds all of those costs to have been reasonably incurred in defense of the case for the Defendant. They should be compensable in the total sum of $1,317.50.

16. After making the adjustments referenced above, this Court finds that Mr. Pleasanton's attorney's fees should be allowed for interviews and conferences: 30.80 hours, obtaining/reviewing records: 119.60 hours, legal research: 10.70 hours, travel: 26 hours, investigative/other: 10.80 hours, for a total of 197.90 hours. Multiplying those hours times the statutory rate of $125.00 an hour brings a total of attorney's fees of $24,737.50. This figure taken in conjunction with the $1,317.50 in costs results in a total sum of $26,055.00.

17. In making this recommendation that Mr. Pleasanton be reimbursed in excess of the statutory cap, but for less than the amount sought by his CJA Voucher, this Court finds that the case does qualify as being a complex case. While voluminous discovery in and of itself does not cause a case to be complex, this Court cannot ignore the fact that there were some 20,000 documents to be reviewed according to Mr. Pleasanton. As adjusted, this Court finds that the complex nature of the case and the hours deemed necessary by this Court justify exceeding the statutory cap.

18. This Court does not find that the case is extended. Mr. Pleasanton represented the Defendant for approximately ten months from initial appearance through sentencing. This may be longer than some criminal cases in this division of the court, but certainly is not unusually long. The fact that the case did not go to trial is considered by this Court. Further, it appears that the reason the case lasted as long as it did was not because of extensive pretrial motion practice, but by the intervention of a Superseding Indictment increasing the number of charges against the Defendant and the additional discovery resulting therefrom. Therefore, the case is not found to be extended as defined by the statute.

19.     In reducing the amount of attorney's fees, this Court is not commenting in any way upon Mr. Pleasanton's representation of the Defendant in this case.  This Court appreciates all private counsel, including Mr. Pleasanton, who are willing to accept appointments in such cases.  In fact, this Court makes a point of thanking each attorney who accepts a CJA appointment at the time that the attorney first appears before this Court subsequent to this Court's appointment.  Nevertheless, this Court cannot ignore the fact that the Criminal Justice Act was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice.  The Act was intended to provide indigent defendants with meaningful representation by competent counsel.  United States v. Pena, 2011 WL 5102042 (S.D. Fla. 2011).

20.     The Court has a gatekeeper function in respect to balancing the right of court appointed counsel to receive adequate compensation for representation given to a particular indigent defendant as provided by statute against the realization that there are limited CJA funds available in this District and nationwide for such services.  In doing so, this Court must make certain that CJA counsel is adequately compensated even if that compensation does not equal what could have been obtained in the private sector.  United States v. Carpenter, 2011 WL 1099891 (S.D. Fla. 2011).

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 10-5198 be **GRANTED** only insofar as Mr. Pleasanton shall be awarded the sum of $24,737.50 as attorney's fees, and costs in the amount of $1,317.50, for a total sum of $26,055.00.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _12th_ day of January, 2012, at Fort Pierce, Northern Division of the Southern District of Florida.

_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
David F. Pleasanton, Esq.
Lucy Lara, CJA Administrator